IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE K. WHITE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3668 |
| | : | |
| MS. TINA PAGOTTO, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                          **OCTOBER 4, 2022**

Currently before the Court is a Complaint filed by Plaintiff Tyrone K. White that raises claims related to his eviction from subsidized housing. White also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion to Appoint Counsel (ECF No. 3). For the following reasons, the Court will grant White leave to proceed *in forma pauperis*, dismiss his Complaint without prejudice to amendment, and deny his Motion to Appoint Counsel without prejudice.

**I.      FACTUAL ALLEGATIONS**

The impetus for White's Complaint appears to be his eviction on March 31, 2022, from housing located at 700 S. 15th Street in Philadelphia that is managed by Bethesda Project, Inc. ("Bethesda"). (Compl. at 4.)[1]  It appears that while White was living at that property, his rent was subsidized through the Philadelphia Housing Authority's ("PHA") Housing Choice Voucher

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Program.  (*Id.*); *see Philadelphia Housing Authority, Housing*, available at

http://www.pha.phila.gov/housing/housing-home.aspx (last visited Oct. 3, 2022).

The specific factual allegations underlying White's claims are, however, unclear.  White contends that he

> refused to accept a $50 bribe for to [sic] pay rent for a month by Bethesda Project, Inc, management.  Though they had refused to complain earlier and they allowed the rent to increase to $32,000.  Bethesda have been known [sic] my lease started January 23, 2013 signed by their case manager Ms. Hilary Coulter as Tyrone R. White.  I was not with Ms. Coulter at all that day.  Didn't know even know.

(Compl. at 4.)  White alleges that he called PHA in September following his eviction and learned that PHA's records still had him living at 700 S. 15th Street.  (*Id.*)  This appears to have concerned White because he "cannot accept any housing choice voucher connected with fraud violations."  (*Id.*)  He also contends that two other residents were not evicted "for about wanting to fight continue leases violations."[2]  (*Id.*)

Additionally, White claims that prior to his eviction he was improperly noted on a "chore list" as having "a mental health problem," and that the list was removed from a board in the hallway after he complained.  (Compl. at 5.)  White suggests that he was "perceived as having a disability by the defendants" to justify his residence at a "place for men with [chronic] health conditions, addictions, problems, vulnerabilities etc." where he "should not [have] been placed."  (*Id.*)  White further contends that PHA increased his rent from $50 to $463 in 2017 because he is not disabled, decreased his rent to $403 with housing pay assistance on January 21, 2020, and

---

[2] Perhaps relevant to this point, White attached to his Complaint as an exhibit a letter dated February 11, 2022, in which he reported "continuations of leases violations" based on two incidents when other residents got into an argument.  (ECF No. 2-1 at 1.)

then increased his rent to $620 without rental assistance on January 1, 2022.  (ECF No. 2-1 at 3.)  White describes these events as a "scam/discrimination."  (*Id.*)

Based on the above allegations, White asserts claims for violation of his Fourteenth Amendment equal protection rights, pursuant to 42 U.S.C. § 1983.  (*Id.* at 3; ECF No. 2-1 at 2.)  White also purports to raise claims pursuant to the Rehabilitation Act ("RA"), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA").  (ECF No. 2-1 at 2.)  He describes his claims as based on "defamation, retaliation, failure to stop harassment, physical abuse, assault, self-neglect, financial exploitation, senior abuse, [and] fraudulent admission."  (Compl. at 5 (capitalization omitted).)  White asks the Court to verify his name and that he is not disabled, and to award him monetary damages.[3]  (*Id.*; ECF No. 2-1 at 2.)

## II.    STANDARD OF REVIEW

The Court grants White leave to proceed *in forma pauperis* because it appears that he is unable to pre-pay the costs for filing this lawsuit.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[3] White also seeks a declaration that the Defendants violated his rights.  (ECF No. 2-1.)  However, declaratory judgment is unavailable to adjudicate past conduct, so this request for declaratory relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's*

4

*Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III. DISCUSSION**

    **A. Rule 8**

White's Complaint fails to comply with Rule 8 because the facts are alleged in an unclear and disjointed manner. As a result, the Court cannot understand the series of events that underlie the claims White intends to bring. Although it is apparent White's claims relate to his housing and ultimate eviction, the events related to the alleged fraud, discrimination, and retaliation White claims to have suffered are not apparent even under a careful reading and liberal construction of the Complaint. Accordingly, because the factual allegations are unclear and, at times even appear contradictory, the Court concludes that the pleading fails to provide fair notice of the grounds upon which White's claims rest, as required by Rule 8.[4] *Afzal v. N.J. Bd. of Med.*

---

[4] This is not the first time White has filed suit against PHA and Bethesda, among others, based on matters related to his housing. *See White v. Barbe*, 767 F. App'x 332, 335 (3d Cir. 2019) (*per curiam*) ("White's second amended complaint, which consists of vague allegations of wrongdoing with no factual elaboration, is insufficient to state a claim."); *White v. Bethesda Project Inc.*, 672 F. App'x 218, 219 (3d Cir. 2017) (*per curiam*) ("We will thus affirm, concluding that the District Court neither erred in dismissing White's second amended complaint under § 1915(e)(2)(B)(ii) nor abused its discretion in denying further leave to amend."). Although some of the allegations in White's current Complaint are similar to some of the allegations in his prior cases, the Court cannot ascertain whether White is attempting to reassert any claims that have previously been dismissed due to the unclear nature of his allegations.

*Examiners*, No. 22-1609, 2022 WL 4533826, at *2 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because although "plaintiffs argued, generally, that Afzal was improperly denied licensure as a result of his prior convictions, they did not provide more than a blanket assertion of entitlement to relief"). The Complaint also fails to state a claim under the statutes invoked by White for the reasons set forth below.

### B. Section 1983

White brings equal protection claims under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For an individual defendant to be liable in a civil rights action the defendant "must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Municipal defendants, such as the PHA, are not liable under § 1983 unless their policy or custom caused the alleged constitutional violation. *Lee v. Petrolichio*, 697 F. App'x 112, 113 n.5 (3d Cir. 2017) (*per curiam*) (PHA was not a proper defendant in § 1983 action where plaintiff "did not allege an 'official policy or custom.'"); *see also McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was.").

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received

6

by other individuals *similarly situated.*"  *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original).  "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'"  *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).  Additionally, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus.  *W.B. v. Matula*, 67 F.3d 484, 503 (3d Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

  White alleges that he is Black (ECF No. 2-1 at 3) and that he was regarded as having a disability (Compl. at 5), but he does not plausibly allege that he was discriminated against based on either of these circumstances or that he was intentionally treated differently from others who were similarly situated.  Although White generally alleges that he was discriminated against, his conclusory allegations to that effect, unsupported by clear facts, do not support a plausible inference that his eviction or other treatment were motivated by purposeful discrimination based on his race or any other matter.  For these reasons, White has not stated a plausible equal protection claim.  *See Santos v. Sec'y of D.H.S.*, 532 F. App'x 29, 34 (3d Cir. 2013) (*per curiam*) (pleading was properly dismissed where "the amended complaint assert[ed] blanket, non-specific allegations that Santos was treated differently because of his race and/or gender" and did not include "specific allegations illustrating how Santos was treated differently than those similarly situated").

  To the extent White asserts a constitutional claim for retaliation, that claim also fails.  To state a plausible First Amendment retaliation claim, a plaintiff must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally

7

protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Here, White fails to allege facts from which it could be inferred that his eviction, or any other act taken against him, was the result of impermissible retaliation. Accordingly, he has failed to state a retaliation claim.

### C. Section 1981

White has also failed to state a § 1981 claim.[5] Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981. "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (*i.e.*, make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom*. *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015). White's discrimination claims based on § 1981 claims fail for the same reasons his equal protection claims fail, *i.e.*, he has not plausibly

---

[5] Unlike § 1983, which provides a cause of action only against state actors, § 1981 does not provide a private right of action against state actors and instead applies to private conduct. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 121 (3d Cir. 2009) (explaining that § 1983 provides "the exclusive remedy for violations of § 1981 by state actors"); *see also Goodall-Gaillard v. N.J. Dep't of Corr.*, 625 F. App'x 123, 128 (3d Cir. 2015) ("[A]s the District Court properly noted, § 1981 does not provide a private right of action against state actors."). Since White sued both state actors and private actors and since he has not stated a claim under either provision, the Court will not further address this distinction at this time.

alleged a basis for concluding he was discriminated against based on his race. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

**D. Rehabilitation Act**

White has similarly failed to state a claim for discrimination under § 504 of the RA, which prohibits disability discrimination in "any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). For purposes of the statue, disability is defined to include individuals who are "regarded as having a disability." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014). The proper Defendant under an RA claim is the public entity receiving federal assistance. *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) (stating that "suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals"). As with White's other discrimination claims, he has raised only conclusory allegations of discrimination, which are insufficient to state a plausible claim. *See Hartman v. Bank of New York Mellon*, 650 F. App'x 89, 92 (3d Cir. 2016) (*per curiam*) (summarily affirming dismissal of disability discrimination claims where allegations were "entirely conclusory"); *Evans v. President of Thomas Jefferson Univ. Hosp.*, No. 22-1371, 2022 WL 2916685, at *5 (E.D. Pa. July 25, 2022) (dismissing complaint where plaintiff did "not allege whether or how his alleged disability impacts his daily living, and his conclusory allegations that he was subject to discrimination because of his disability are not sufficient to state a plausible claim"). White's allegation that he was regarded as having a disability does not,

without more, state a plausible claim that he was discriminated against by being denied the ability to participate in a federally funded program for that reason.

### E. State Law Claims

It appears White also intends to bring claims under Pennsylvania law, in particular, the PHRA. However, there is no independent basis for the Court's jurisdiction over any such claims.[6] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). White indicates that the parties are not completely diverse because he and at least some of the Defendants are citizens of Pennsylvania. (Compl. at 3.) Accordingly, there is no basis for jurisdiction over any state law claims.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint.[7] White will be given leave to file an amended complaint in the event

---

[6] Because the Court has dismissed White's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

[7] To the extent White's discrimination and retaliation claims can be construed as having been asserted under the Fair Housing Act, which prohibits discrimination in housing, *Mitchell v.*

10

he can allege sufficient facts to state a claim. White's Motion to Appoint Counsel is denied without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

/s/ *Chad F. Kenney*

**CHAD F. KENNEY, J.**

---

*Cellone*, 389 F.3d 86, 88-89 (3d Cir. 2004), the claims fail for the same reasons his other claims failed, *i.e.*, White has failed to allege a plausible basis for concluding that he was discriminated against based on his race, perceived disability, or any other reason, or that he was retaliated against in violation of federal law.