IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE K. WHITE,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 22-CV-3668 |
| MS. TINA PAGOTTO, *et al.*,<br>    Defendants. | : <br> : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                                                         **NOVEMBER 18, 2022**

Following the dismissal without prejudice of his initial Complaint for failure to comply with Federal Rule of Civil Procedure 8 or to state a claim, Plaintiff Tyrone K. White has filed a "Statement of Claim" and a Motion to Appoint Counsel. (ECF Nos. 13 & 14.) For the following reasons, the Court will construe the "Statement of Claim" as White's Amended Complaint, dismiss the Amended Complaint with prejudice, and deny White's Motion to Appoint Counsel.

**I.**       **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

The factual basis for White's initial Complaint was unclear, but his claims generally appeared to be based on his March 31, 2022 eviction from housing located at 700 S. 15th Street in Philadelphia managed by Bethesda Project, Inc. ("Bethesda"). (Compl. at 4.)[1] After granting White leave to proceed *in forma pauperis*, the Court dismissed his Complaint for failure to state a clear basis for a claim pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B)(ii). *White v. Pagotto*, No. 22-3668, 2022 WL 5125065, at *1 (E.D. Pa. Oct. 4, 2022). Specifically, the Court concluded that White: (1) did not comply with Rule 8 because his allegations were so unclear that his pleading "fail[ed] to provide fair notice of the grounds upon

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

which [his] claims rest[ed]"; (2) failed to plausibly allege that he was subjected to discrimination or retaliation in a manner that would support a constitutional claim or federal statutory violation; and (3) failed to allege a basis for diversity jurisdiction over any remaining state law claims. *Id.* at **3-5. White was given leave to file an amended complaint.

Thereafter, White filed a document entitled "Statement of Claim," which the Court understands to be his Amended Complaint.[2] (ECF No. 13 (hereinafter "Am. Compl.").) The Amended Complaint, which names Bethesda as the Defendant,[3] alleges that Bethesda, which is identified as a "non-profit," "violated [White's] equal protection rights when previously known by their office." (Am. Compl. at 3.) Although unclear, this claim appears to be predicated on White's allegation that his social security statements were delivered by mail to the address from where he was evicted. (*Id.*) White indicates that there were other individuals of different races residing at the same address, some of whom "received case management assistance for adjusting their social security benefits entitlement for their housing increase of payments." (*Id.*) White suggests that he was treated differently from some of these residents but does not clarify how he was treated differently. It is unclear what relief White seeks from the Court.

## II.  STANDARD OF REVIEW

Since White is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, the Amended Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure

---

[2] White also filed two Motions, which did not request any clear relief, and which were denied for that reason. (*See* ECF Nos. 11, 12, 15.)

[3] White did not name any other defendants in his Amended Complaint.

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As White is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

3

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

White's Amended Complaint fails to comply with Rule 8 for the same reasons as his initial Complaint. The Court still cannot discern the series of events that underlie the claims White intends to bring. Given the sparse nature of the Amended Complaint it is unclear whether White is even challenging his eviction, as opposed to other treatment by Bethesda. Accordingly, the Court concludes that the pleading again fails to provide fair notice of the facts upon which White's claims rest, as required by Rule 8. *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *2 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because although "plaintiffs argued, generally, that Afzal was improperly denied licensure as a result of his prior convictions, they did not provide more than a blanket assertion of entitlement to relief").

To the extent the Amended Complaint can be construed to raise claims under 42 U.S.C. § 1983 for an equal protection violation, it fails to state a basis for such a claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

4

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received by other individuals *similarly situated*." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v.*

*City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).  Additionally, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus.  *W.B. v. Matula*, 67 F.3d 484, 503 (3d Cir. 1995) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pratt v. Thornburgh*, 807 F.2d 355, 357 (3d Cir. 1986)).

White has again failed to allege sufficient facts from which it could be plausibly inferred that Bethesda, a non-profit organization, is a state actor for purposes of § 1983 or that Bethesda treated White differently from similarly situated individuals because of his race or any other characteristic.  His Amended Complaint is conclusory and deficient in this regard.  Accordingly, White has failed to state a claim for relief, and his Amended Complaint will be dismissed.

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss White's Amended Complaint.  Since White was given an opportunity to amend the defects the Court identified in his claims and was unable to do so, the Court concludes that further attempts to amend would be futile.  *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  White's Motion to Appoint Counsel is denied.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An Order follows, which shall be docketed separately.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, J.**